```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
IN RE EX PARTE APPLICATION OF
VOLKSWAGEN AG and AUDI AG,
                                        MEMORANDUM & ORDER
    Applicants,                         24-MC-0832 (JS)

FOR AN ORDER PURSUANT TO 28
U.S.C. § 1782 GRANTING LEAVE TO
OBTAIN DISCOVERY FOR USE IN
FOREIGN PROCEEDINGS.
----------------------------------X
APPEARANCES

For Volkswagen AG and    Michael Cardello III, Esq.
Audi AG:                 Moritt Hock & Hamroff LLP
                         400 Garden City Plaza
                         Garden City, New York 11530
```

SEYBERT, District Judge:

Presently before the Court is the ex parte Application for Discovery for Use in a Foreign Proceeding ("Application") pursuant to 28 U.S.C. § 1782 ("§ 1782") of Applicants Volkswagen AG ("Volkswagen") and Audi AG ("Audi"; collectively with Volkswagen, "Applicants"). Applicants ask this Court to authorize the issuance and service of subpoenas duces tecum and ad testificandum upon Warren Hurwitz ("Hurwitz") to obtain discovery for use in lawsuits pending before the Unified Patent Court ("UPC") in Germany. For the following reasons, Applicants' Application is **GRANTED**.

BACKGROUND

Applicants are defendants in three patent-related lawsuits filed by Network System Technologies, LLC ("NST") pending before the Local Division of the UPC located in Munich, Germany. (Support Memo at 7.)  Warren Hurwitz is one of two principals of NST and resides in Roslyn, New York.  (Id. at 7, 13; Ex. O, ECF No. 7.)  Applicants request this Court's permission to issue two subpoenas to Hurwitz seeking specified documents and deposition testimony.  (Id. at 12; Exs. A-B, ECF No. 4.)  The requested documents are characterized as follows:

    **1.**   **Request for Production Nos. 1, 5, 6, 8, and 15-17**: NST's litigation positions and related information bearing on issues of patent claim scope, alleged infringement, and invalidity;

    **2.**   **Request for Production Nos. 2-4 and 9**: NST's ownership and standing to sue in the UPC;

    **3.**   **Request for Production Nos. 7 and 10-13**: NST's claims for damages based on alleged infringement, and potential defenses, such as having a license and/or implied license;

    **4.**   **Request for Production Nos. 14, 18, and 19**: NST's status as a non-practicing patent monetization entity, and its ability to post a bond or satisfy a judgment of fees and costs.

(Id. at 6; see also Exs. A-B.)

DISCUSSION

I.  Legal Standard

As a general matter, district courts may grant § 1782 applications ex parte and courts within the Second Circuit do so routinely. Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)."); In re Application of Patokh Chodiev, No. 21-MC-0423, 2021 WL 3270042, at *1 (S.D.N.Y. July 30, 2021) ("Courts routinely grant such [§ 1782] petitions ex parte."); see also In re Doosan Heavy Indus. & Constr. Co., Ltd., No. 19-MC-1638, 2020 WL 1864903, at *2 (E.D.N.Y. Apr. 14, 2020) (granting § 1782 application for discovery ex parte); In re G2A.com SP. Z.O.O. (LTD.), 412 F. Supp. 3d 145, 146 (E.D.N.Y. 2019) (same).

Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28. U.S.C. § 1782. Accordingly:

> [a] district court has the authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the

3

> discovery is for use in a foreign proceeding or before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person."

Mees v. Buiter, 793 F.3d 291, 297 (2d Cir. 2015) (citing Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 79, 83-84 (2d Cir. 2012) (internal quotation marks omitted). "Once those statutory requirements are met, a district court may grant discovery under § 1782 in its discretion." Id. (observing such discretion "is not boundless" and "must be exercised" in light of the twin aims of the statute, i.e., "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts"); see also In re Bloomfield Inv. Res. Corp., No. 18-MC-2608, 2018 WL 6418421, at *3 (E.D.N.Y. Dec. 6, 2018) (stating if an applicant satisfies § 1782's statutory requirements, court "must then exercise its discretion as to whether and what extent to lend its assistance" (citing In re Gemeinshcaftspraxis Dr. Med. Schottdorf, 2006 WL 3844464, at *3 (S.D.N.Y. Dec. 29, 2006)). In exercising discretion, the Supreme Court has identified four factors that "bear consideration in [a court's] ruling on a § 1782(a)" application:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for

4

> § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome [(hereafter, the "Intel Factors")].

Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004); In re Catalyst Managerial Servs., DMCC, 680 F. App'x 37, 38-39 (2d Cir. 2017) (quoting Intel Corp.) (internal quotation marks omitted).

II. Analysis

    A. Applicants Have Met § 1782's Statutory Requirements

The instant application meets the statutory requirements of § 1782. First, the person from whom discovery is sought, i.e., Hurwitz, resides in Roslyn, New York, a jurisdiction within the purview of this Court. (Support Memo at 13; Ex. O.) Second, the discovery sought is for use in a foreign proceeding before the UPC. (Support Memo at 13-15; Tilman Decl., ECF No. 2, at 5-9.) Third, the application is made by an "interested person" because Applicants are "litigant[s] in the proceeding for which discovery is sought." In re G2A.com, 412 F. Supp. 3d at 146; Intel Corp., 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782."). Accordingly, having satisfied § 1782's statutory

5

requirements, in its discretion, the Court may grant discovery under § 1782. Mees, 793 F.3d 291 at 297.

> B. Applicants Have Shown the *Intel* Factors Weigh in Favor of Granting Their Application

Based upon the information set forth by Applicants, the Court finds each of the discretionary Intel Factors weigh their favor. Intel Corp., 542 U.S. at 264. First, Hurwitz is not a party to the foreign proceeding, and accordingly, the UPC may not compel him to testify or produce the documents sought. (Support Memo at 20-21.) Second, the Court has no reason to believe the UPC will not be receptive to receiving evidence obtained via a United States proceeding. In re Warren, No. 20-MC-0208, 2020 WL 6162214, at *6 (S.D.N.Y. Oct. 21, 2020) ("[C]ourts generally should err on the side of permitting the requested [§ 1782] discovery unless there is authoritative proof that the foreign tribunal would not accept the discovery.") (internal quotation marks omitted). Third, there is no evidence Applicants have sought § 1782 discovery to circumvent foreign proof-gathering restrictions. In re B&C KB Holding GmbH, No. 22-MC-0180, 2023 WL 1777326, at *7 (S.D.N.Y. Feb. 6, 2023), aff'd, 2023 WL 4544775 (S.D.N.Y. June 8, 2023) (overruling objection to magistrate judge's granting § 1782 application; stating "to demonstrate circumvention" one must establish the party seeking discovery "engaged in a bad faith endeavor to misuse Section 1782"; finding third Intel Factor

6

weighed in favor of discovery as there was "no support in the record" applicant attempted to circumvent applicable proof-gathering restrictions). Fourth, Applicants have established the discovery sought is relevant to the UPC litigations and is not unduly burdensome. (Support Memo at 14-19, 26-28). This is especially true given Applicants' representation that most, if not all, of the documents sought here have been or will be produced in accordance with pending actions in the Eastern District of Texas. (Support Memo at 26-28.)

Accordingly, finding Applicants have met the statutory requirements of § 1782, and the Intel Factors weigh in Applicants' favor, Applicants' Application is GRANTED.

## CONCLUSION

For the stated reasons, **IT IS HEREBY ORDERED** that Applicants' Application (ECF No. 1) is **GRANTED**. Further, in conjunction with this Memorandum & Order, the Court will execute Applicants' proposed Order. (See ECF No. 1-1.) Thereafter, judgment shall enter in Applicants' favor, and the Clerk of the Court shall mark this case CLOSED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 10, 2024
   Central Islip, New York